

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. CR403-048 |
| ANTWAN GRAHAM, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

This defendant, who was sentenced on August 7, 2003 to 87 months' imprisonment for possession of a firearm by a felon, has filed a Motion to Correct Judgment in which he requests the Court to amend its judgment "to recommend" to the Bureau of Prisons (BOP) that defendant receive credit toward his federal sentence for the time he spent in state custody. Doc. 15.

This is not the first time this matter has come to the Court's attention. By letter dated December 15, 2004, the BOP advised the Court that defendant (who was then serving a state sentence) had contacted the BOP requesting that the time he had spent in state custody be credited

toward his federal sentence. Citing <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), the BOP asked the Court to determine whether it wished to approve defendant's request for concurrent service of his state and federal sentences, thereby allowing the BOP to designate his state institution as a place for service of his federal sentence. On December 20, 2004, the Court notified the BOP that it would not approve defendant's request for concurrent service of his state and federal sentences. Defendant now seeks to have the Court revisit that decision.

At the time of his federal indictment on February 14, 2003, defendant was serving a state sentence for a probation violation and appeared before this Court on a writ of habeas corpus ad prosequendum. Following sentencing on August 7, 2003, defendant was returned to state custody.[1] Where a defendant at the time of the imposition of a federal sentence is serving another federal or state sentence arising from the revocation of probation, parole, or supervised release, the Sentencing Commission "recommends that the sentence for the instant offense be imposed

---

[1] According to the BOP, after his return to state custody, defendant received an additional state sentence which was suspended until his federal sentence was completed.

consecutively to the sentence imposed for the revocation." U.S.S.G. § 5G1.3, application note 3(C). The defendant has previously requested, and this Court has previously denied, his request to receive federal credit for the time he served in state custody. Defendant has offered no good reason why the Court should reconsider its prior assessment of this matter,[2] and therefore defendant's request to have this Court recommend to the BOP that he be given credit for time spent in state custody should be DENIED.

**SO REPORTED AND RECOMMENDED** this 24th day of May, 2006.

_____<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA

---

[2] In his motion, defendant misrepresents that the plea agreement contained a promise by the government not to "oppose this Court's recommendation" to the BOP that defendant be credited for the time served in state custody. No such provision appears in the plea agreement. Doc. 10. Defendant also states that at the time he was sentenced by this Court he was serving a state sentence on a charge that was ultimately dismissed. In fact, defendant was serving a sentence for the violation of his state probation on an underlying state conviction that has not been overturned.